UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 12, 2018

LETTER TO COUNSEL

RE: *Angelina C. v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-18-682

Dear Counsel:

On March 7, 2018, Plaintiff Angelina C. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 13, 14. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claim for benefits on May 28, 2014, alleging a disability onset date of January 31, 2013. Tr. 214-22. Her claim was denied initially and on reconsideration. Tr. 140-52, 156-57. A hearing was held on January 25, 2017, before an Administrative Law Judge ("ALJ"). Tr. 33-78. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-32. The Appeals Council ("AC") denied Plaintiff's request for further review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "headaches, fibromyalgia, chronic pain, neck, back, and knee disorder, asthma/chronic obstructive pulmonary disease, depression, substance abuse disorder (cocaine and marijuana), personality disorder, generalized anxiety disorder, and bipolar affective disorder." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except she needs a sit/stand option. By this I mean an ability to change from a sitting position to a standing position every thirty minutes if desired, and vice-versa. That is, every thirty

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> minutes, if the person is sitting and experiences back or other pain, they can stand and stretch in place and continue working in the standing position if desired. Similarly, every thirty minutes, if the person is standing and experiences back or other pain, they can sit down to continue their work in a sitting position if desired, in order to alleviate their pain. She is limited to simple, routine, repetitive tasks; she can no more than occasionally use ramps and stairs; no more than occasional interaction with coworkers, supervisors, and the general public; no more than occasional postural activities; no more than occasional exposure to atmospheric irritants, such as dust, fumes, odors and gases; no exposure to more than a "moderate" noise intensity level as described in the SCO; because of deficits in concentration, persistence, and pace, the claimant can be expected to be off task 5% of the time; no more than occasional exposure to temperature extremes, wetness, and high humidity; and no work around intoxicants, such as pharmaceuticals and alcohol.

Tr. 19-20. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform past relevant work, but could perform other jobs existing in significant numbers in the national economy. Tr. 25-26. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 26-27.

Plaintiff makes several arguments in support of her appeal. I concur with several of her arguments regarding the ALJ's deficient assessment of her mental impairments, and I accordingly remand the case for further analysis.

First, Plaintiff argues that the ALJ's analysis at Step Two of the five-step evaluation process, *see* 20 C.F.R. § 416.920, is deficient. I concur. In this case, the ALJ found no fewer than twelve impairments to be non-severe on the basis of a conclusory assertion that, "[t]here is no evidence that these impairments impose any significant restrictions on the claimant's ability to perform basic work activities." Tr. 17-18. As to some of the alleged impairments, additional explanation is required. For example, the ALJ cited on several occasions that Plaintiff is prone to falling as a result of her use of benzodiazepines, and it is difficult to understand how that condition would not pose more than a minimal limitation on her ability to work. Tr. 21 ("It is noted that her multiple narcotic medications may be causing her frequent falls."); Tr. 23 ("Doctors have been concerned that the claimant is taking too many benzodiazepines, and these have caused her to fall at times."); Tr. 24 ("While the record indicates that she has fallen at times, this seems to be because of excessive use of benzodiazepines, substance abuse, and/or domestic violence."). Moreover, Plaintiff correctly notes that the record substantiates her diagnosis of attention deficit disorder, Tr. 706, 710, and the ALJ failed to address the severity of that impairment in any respect. Particularly in light of the questions discussed below relating to Plaintiff's ability to sustain work at a competitive pace without excessive time off task, I cannot deem the failure to consider her diagnosis of attention deficit disorder to be a harmless error.

Second, the ALJ found that Plaintiff "can be expected to be off task 5% of the time," Tr. 19, without providing any explanation of how that percentage was determined. Social Security

regulations provide that the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996)). In doing so, the ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Id.* (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Here, the ALJ failed to provide an accurate and logical bridge between Plaintiff's limitations and the RFC and provided no discussion of time off task in the RFC assessment at all. This is a case in which, as discussed below, Plaintiff's treating mental health providers opined that she would have "moderate" or "marked" limitations in maintaining attention and concentration for extended periods. Tr. 446, 448. As a result of the lack of any discussion of Plaintiff's time off task or ability to stay focused, the ALJ has not cited to substantial evidence to support his conclusion that Plaintiff would be off task 5% of the time.

Third, the ALJ's assignment of weight to the opinions of Plaintiff's mental health treating sources is deficient. The Fourth Circuit has stated that:

> [T]reating physicians are given "more weight ... since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone[.]" [20 C.F.R.] §§ 404.1527(c)(2), 416.927(c)(2). "When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the medical source's medical opinion more weight than we would give it if it were from a nontreating source." Id. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i). Accordingly, the ALJ is required to give "controlling weight" to opinions proffered by a claimant's treating physicians so long as the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" Id. §§ 404.1527(c)(2), 416.927(c)(2).

*Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017). The ALJ assigned the opinions of Plaintiff's psychiatrist and therapist "little weight" for two reasons: (1) "[t]reatment records document insufficient mental status abnormalities to support any marked limitations," and (2) "mental health notes do not reflect that the claimant discussed her ability to perform work activities or likelihood of missing whole days of work." Tr. 24-25. Neither of those reasons provides substantial evidence to support the ALJ's assignment of little weight. First, "marked limitations" is the legal standard involved in the application of the special technique for evaluating mental impairments at Steps Two and Three, 20 C.F.R. § 416.920a, but is not a standard governing, in any way, a treating source's evaluation of a claimant's ability to perform work tasks. Thus, the fact that Plaintiff's treatment records may not establish "marked limitations" does not invalidate the conclusions reached by her treating sources. Moreover, the ALJ's implication that less than marked limitations are necessarily compatible with a limitation to "simple, routine, repetitive tasks," Tr. 24, is incorrect. *See Mascio v. Colvin*, 780 F.3d 632,

638 (4th Cir. 2015). Second, reliance on whether or not Plaintiff discussed work activities with her treating sources is illogical in this case. The record is clear Plaintiff stopped working in 2007, Tr. 17, and there would accordingly be no reason for her to discuss with her doctors whether or not she could perform or sustain work.

Ultimately, in light of the above deficiencies in the ALJ's analysis of Plaintiff's mental health impairments, I am unable to conclude that the ALJ applied the proper legal standards or supported his determinations with substantial evidence. Remand is therefore warranted, although I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff was not entitled to benefits is correct. Because remand is being ordered on the bases cited above, I need not address the remainder of Plaintiff's contentions.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 13, is DENIED, and Defendant's Motion for Summary Judgment, ECF 14, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge